UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MARSHALL A. ELKINS, :
: Civil Action No. 10-CV-4997 (PKC)
Plaintiff, :
: ECF CASE
- against - :
: **ANSWER TO COUNTERCLAIMS**
ART CAPITAL GROUP, INC., :
:
Defendant. :
:
------------------------------------------------------------X

       Plaintiff Marshall A. Elkins, by and through his attorneys, Friedman & Wittenstein, A Professional Corporation, alleges as follows for his Answer to the Counterclaims, dated July 22, 2010, of defendant Art Capital Group, Inc. ("Art Capital"), upon knowledge as to himself and his acts and, as to all other matters, upon information and belief:

       1.     Admits the allegations contained in paragraph 1 of the Counterclaims.

       2.     Admits the allegations contained in paragraph 2 of the Counterclaims, and avers that plaintiff is a citizen of Maryland, but not of California.

       3.     Admits the allegations contained in paragraph 3 of the Counterclaims.

       4.     Denies each and every allegation contained in paragraph 4 of the Counterclaims, except admits that in or about 2002 plaintiff requested that defendant accept the Painting (as defined in paragraph 1 of the Complaint) on consignment and attempt to sell it on behalf of, and for the benefit of, plaintiff in accordance with plaintiff's instructions, and avers that defendant was obligated to return the Painting to plaintiff if and when plaintiff asked.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Counterclaims, except admits the allegations contained in the first sentence of paragraph 5.

6. Denies each and every allegation contained in paragraph 6 of the Counterclaims, except admits that Mr. Rose – acting through Art Capital – attempted to sell the Painting on behalf of, and for the benefit of, plaintiff in accordance with plaintiff's instructions, and avers that plaintiff has been unable to locate a copy of a written consignment agreement between himself and defendant.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaims, except admits that Mr. Rose left Art Capital in or about 2005 and admits that litigation is currently pending between defendant and Mr. Rose.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9. Denies each and every allegation contained in paragraph 9 of the Counterclaims, except admits that in or about September 2005, Mr. Rose claimed in writing that he or his companies "owned," *inter alia*, the Painting, and admits that in March 2005 plaintiff informed defendant in writing that plaintiff had "complete authority to request" that the defendant allow Mr. Rose to remove the Painting from defendant's premises and move it to another location.

10. Denies each and every allegation contained in paragraph 10 of the Counterclaims.

11. Denies each and every allegation contained in paragraph 11 of the Counterclaims.

12. Denies each and every allegation contained in paragraph 12 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of the Counterclaims.

13. Repeats and realleges his responses to paragraphs 1 through 12 of the Counterclaims.

14. Denies each and every allegation contained in paragraph 14 of the Counterclaims, except admits that plaintiff has repeatedly requested return of the Painting.

15. Denies each and every allegation contained in paragraph 15 of the Counterclaims, except admits that absent a ruling from the Court plaintiff and defendant will remain in a continued dispute as set forth in plaintiff's Complaint, and avers that there are no "competing claims of ownership" of the Painting.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims.

17. Denies each and every allegation contained in paragraph 17 of the Counterclaims, except admits that there is an actual and justiciable controversy between the parties based on the factual allegations of plaintiff's Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Counterclaims.

19. Repeats and realleges his responses to paragraphs 1 through 18 of the Counterclaims.

20. Denies each and every allegation contained in paragraph 20 of the Counterclaims.

21. Denies each and every allegation contained in paragraph 21 of the Counterclaims.

22. Repeats and realleges his responses to paragraphs 1 through 21 of the Counterclaims.

23. Denies each and every allegation contained in paragraph 23 of the Counterclaims.

24. Denies each and every allegation contained in paragraph 24 of the Counterclaims.

25. Repeats and realleges his responses to paragraphs 1 through 24 of the Counterclaims.

26. Denies each and every allegation contained in paragraph 26 of the Counterclaims.

27. Denies each and every allegation contained in paragraph 27 of the Counterclaims.

28. Denies each and every allegation contained in paragraph 28 of the Counterclaims.

29. Denies each and every allegation contained in paragraph 29 of the Counterclaims, except admits that plaintiff is the owner of the Painting.

30. Denies each and every allegation contained in paragraph 30 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to any costs allegedly incurred by defendant in connection with the storage and preservation of the Painting;

admits that defendant assists art owners in creating liquidity from art assets; and admits that plaintiff Elkins is the owner of the Painting.

31. Denies each and every allegation contained in paragraph 31 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

32. The Counterclaims fail to state a claim upon which relief may be granted as against plaintiff.

### SECOND AFFIRMATIVE DEFENSE

33. All or some of the claims in the Counterclaims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

34. All or some of the claims in the Counterclaims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

35. All or some of the claims in the Counterclaims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

36. All or some of the claims in the Counterclaims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

37. All or some of the claims in the Counterclaims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

38. Defendant has failed to state a basis for an award of attorneys' fees.

WHEREFORE, plaintiff Marshall A. Elkins prays for judgment against defendant Art Capital Group, Inc. dismissing the Counterclaims, dated July 22, 2010, with prejudice, together with the costs and disbursements of this action, awarding plaintiff his attorneys' fees, and awarding plaintiff such other and further relief as the Court may deem appropriate.

Dated:   New York, New York
         August 11, 2010

FRIEDMAN & WITTENSTEIN
A Professional Corporation

By: _____
    Andrew A. Wittenstein (AW-1943)
    Mary H. Dontzin (MD-0788)

600 Lexington Avenue
New York, New York 10022
(212) 750-8700

*Attorneys for Plaintiff*